**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven P. Hardy, | No. CV-18-00521-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Toyota Motor Sales USA Incorporated, | |
| Defendant. | |

In this product liability action, *pro se* plaintiff Steven Hardy ("Hardy") alleges he sustained injuries in a car crash because the braking system of his 2009 Toyota Tacoma was "defective" and "failed to operate." (Doc. 19 at 2 [26(f) report]; *see also* Doc. 1-1 at 9-12 [complaint].)

The initial scheduling order required Hardy to provide his expert disclosures by September 15, 2018. (Doc. 22 at 3.) This deadline was later extended to October 15, 2018 at Hardy's request. (Doc. 31.) However, Hardy has never provided any expert disclosures. (Doc. 45 at 4.) In fact, Hardy has not served any discovery since this case was filed. (Doc. 45 at 4.)

On December 17, 2018, defendant Toyota Motor Sales USA Incorporated ("Toyota") filed a motion for summary judgment. (Doc. 45.) Toyota argues it is entitled to summary judgment because (1) Hardy was required, under Arizona law, to present expert testimony to meet his burden of proof on several different issues (the existence of a design defect, whether the defect existed when the vehicle left Toyota's control, and

causation), yet Hardy failed to retain an expert or provide any expert disclosures (*id.* at 8-10), and (2) Hardy cannot, in any event, present a *prima facie* case on these issues because he "has not presented evidence of any repair history, witness testimony, photographs, video or any other admissible evidence of improper brake function before the crash at issue. To the contrary, he testified at his deposition that he had purchased the vehicle brand new, in 2009, and had no previous problems with the vehicle's brakes. Plaintiff's unsubstantiated speculation about what happened during this crash are not circumstantial evidence of a defect and cannot defeat summary judgment" (*id.* at 11-16).

The deadline for Hardy to file a response to Toyota's summary judgment motion was January 16, 2019, but Hardy has not filed anything. As a result, Toyota has filed a notice asserting it is entitled to summary relief under Local Rule 7.2(i). (Doc. 46.)

As an initial matter, the Court disagrees with Toyota's contention that it is automatically entitled to summary judgment because Hardy failed to file an opposition to its motion. *Finkle v. Ryan*, 174 F. Supp. 3d 1174, 1180-81 (D. Ariz. 2016) (citations omitted) ("[A] local rule permitting a district court to treat the lack of a response as consent to granting a motion does not apply to summary judgment motions. If a summary judgment motion is unopposed, Rule 56 'authorizes the court to consider a fact as undisputed,' but it does not permit the court to grant summary judgment by default."); Fed. R. Civ. P. 56, advisory committee's note to 2010 amendments ("[S]ummary judgment cannot be granted by default even if there is a complete failure to respond to the motion.").

Nevertheless, Toyota is entitled to relief on the merits. First, Toyota has met its initial burden of production as the summary judgment movant.[1] Toyota makes a strong

---

[1] A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). "If . . . [the] moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Id.* at 1103.

argument that, although a plaintiff isn't always required under Arizona law to produce expert testimony in support of a design-defect claim, expert testimony was required here because the particular type of claim being advanced by Hardy (*i.e.,* a defect in the design of his vehicle's braking system) requires specialized knowledge that falls outside the ken of a lay juror. *Cf. Wyatt by Caldwell v. Wyatt*, 526 A.2d 719, 725 (N.J. App. Div. 1987) ("expert testimony was required [to prove] that Wyatt's brakes were defective at the time of the accident" because brake design is "a subject . . . so esoteric that jurors of common judgment and experience cannot form a valid conclusion"). Moreover, even assuming *arguendo* that expert testimony isn't required in this circumstance, the facts set forth in Toyota's motion—which the Court treats as undisputed, *see* Fed. R. Civ. P. 56(e)(2)—demonstrate that Hardy lacks enough evidence to carry his ultimate burden of persuasion at trial. Among other things, there's no evidence the six-year-old vehicle at issue in this case had any prior brake-related issues, Hardy didn't preserve the car for testing or provide any maintenance records, "the investigating officers determined that there were no problems with the brakes in the Toyota Tacoma" (*see* Doc. 45 at 2 ¶ 8), and Toyota's expert concluded that a piece of debris recovered from Hardy's vehicle after the accident—which Hardy claimed was a broken piece of his braking system—didn't even come from the 2009 Toyota Tacoma braking system (*see* Doc. 45 at 4 ¶ 25).

Because Toyota met its initial burden of production, and Hardy failed to respond to Toyota's motion or identify any evidence that would create a genuine issue of material fact at trial, summary judgment is warranted. *See* Fed. R. Civ. P. 56(e)(3). *See also Sams v. Johnson & Johnson*, 2015 WL 8213228, *2 (W.D. Wash. 2015) ("Defendants pointed out Sams's failure to designate an expert witness by the August 5, 2015 deadline or at any time thereafter. Without this expert testimony, she cannot support a prima facie product liability action. She has therefore failed to create a genuine issue for trial. Furthermore, Sams failed to timely respond to Defendants' motion. She did not meet her burden of setting forth specific facts demonstrating a genuine issue for trial. Therefore, Defendants are entitled to judgment as a matter of law.").

Accordingly, IT **IS ORDERED** that:

(1)     Toyota's motion for summary judgment (Doc. 45) is **granted**; and

(2)     The Clerk of Court shall enter judgment accordingly.

Dated this 11th day of February, 2019.

_____
Dominic W. Lanza
United States District Judge